## Case No. 8,462.

LOEWENSTEIN et al. v. MAXWELL.

[2 Blatchf. 401.] [1]

Circuit Court, S. D. New York. July 1, 1852.

CUSTOMS DUTIES — APPRAISEMENT OF VALUE OF IMPORTED GOODS.

1. Under the 16th section of the act of August 30, 1842 (5 Stat. 563), appraisers must, in valuing importations. adopt the real market value of the goods abroad in cash. and not their value in a depreciated paper currency.

[Cited in Dutilh v. Maxwell. Case No. 4.207.]

2. Goods purchased in Austria were invoiced and entered here in florins at their specie value. The appraisers here valued the goods according to the nominal value of the florin paper currency, which was eleven per cent. less than its specie value: *Held*, that the appraisement was erroneous. and should have been made in florins at their specie value.

3. In such a case. a protest against the additional valuation found on such appraisement, and

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

a claim to enter the goods according to the invoice and actual cost, is a sufficient protest, without a specification as to how the appraisement was made to exceed the true value of the goods.

4. Such an erroneous appraisement is not conclusive on the importer as to the dutiable value of the goods.

This was an action [by Moritz Loewenstein and Carl Loewenstein against Hugh Maxwell, collector of the port of New York] to recover back duties and a penalty, paid under protest. It was tried before BETTS, District Judge, in December, 1851. A verdict was rendered in favor of the plaintiffs for $2,000, subject to the opinion of the court upon a case to be made, and subject to adjustment at the custom house. The facts were these: The plaintiffs imported 150 bales of rags from Trieste to New York. The invoice was dated Vienna, April 3d, 1849. The valuation of the goods at Agram was taken as the invoice price, and was made in florins at their specie value, namely, forty-eight and a half cents, in United States currency, per florin. The actual legal currency of Austria, at the time, was the paper florin, which was then depreciated eleven per cent. below the specie value of the florin. The total invoice value was 7,169.9 florins. The government appraisers raised the valuation to 9,064.47 florins, paper currency, and, on appeal by the importers to merchant appraisers, they raised the value to 10.339.02 florins. paper currency. The appraised value exceeding the invoice price more than ten per cent., an additional duty, amounting to $83.15. and a penalty of $1,028 were imposed by the collector, and were both of them paid by the plaintiffs, under the following protest: "We herewith protest against the additional valuation of the U. S. appraisers and merchant appraisers, and twenty per cent. penalty charged on the within 150 bales rags. claiming to enter the same according to the invoice and actual cost, but pay the same to get in possession of the goods."

Elias H. Ely, for plaintiffs.

J. Prescott Hall. Dist. Atty., for defendant.

BETTS, District Judge. There seems to be no just exception to the sufficiency of the protest in this case. The claim of the importers was, that the invoice expressed the true value of the goods in specie and the amount paid for them in cash, and that the appraisers should, in valuing the goods here, be governed by the real market value abroad in cash. The custom-house officers adopted a different rule, and proceeded upon the idea that the invoice was made up in the nominal currency of Austria, and that the entry was also in paper florins. and not according to the specie value of the goods. In that view, the public appraisers and the merchant appraisers would properly rate a higher valuation to the entry than the one given by the importers; but the testimony shows that both classes of appraisers well under-

stood at the time that the paper denomination of the florin in Austria was higher than its actual value, and that a buyer disbursed no more in market, on the purchase of goods, than specie prices. For this reason, we think the appraisements erroneous.

The 16th section of the act of August 30, 1842 (5 Stat. 563), directs the actual market value or wholesale price in the principal markets of the country from which goods are imported, to be adopted as fixing their import value (with certain additions not affecting this case). The collector cannot substitute for the actual market value a fictitious value, expressed in a spurious currency. In the United States, during the suspension of specie payments, commodities were bought and sold under the nominal denomination of currency; but the paper dollar was not a measure of actual value or true price, and had to be rectified by the specie standard before it could be employed for that purpose So in respect to the Austrian florin. Congress requires duties to be paid in specie, and, if foreign invoices are made up in a base currency, unless, on appraisement, the importations are rated at their specie value, prices will be fixed above the actual market value or cost price abroad, and more than the ad valorem duty authorized by law will be exacted of the importer.

The evidence clearly proves, in the present case, that the paper florin of Austria was, at the time of the purchase of these goods, at a discount of eleven per cent. Goods invoiced and entered at 10,000 florins would, if valued in the paper currency, be necessarily subject to duty on 1,100 florins beyond their foreign cost and market value, and thus the express provisions of the act of congress would be contravened.

We think that the protest sufficiently apprises the collector of the grounds of objection to the appraisals. It asserts that the valuation is beyond the actual cost; and it is plain, upon the proofs, that the appraisers made the valuation on the assumption that the invoice was made up in paper florins and did not exhibit the cash prices paid for the goods. We do not think that, under these circumstances, it is necessary for the importer to specify in what particular manner the appraisement was made to exceed the true value of the goods. Whether the error arose from ignorance of the state of the foreign market, or from a mistake in computing, or from a misapprehension of the value of the currency in which the prices were expressed, the collector would be apprized by the notice that the sum reported by the appraisers did not truly represent the actual market value or wholesale price of the articles in Austria, and the importer would have complied with the requirements of the statute.

Nor is it made a question on the part of the United States, that the protest did not fully notify the collector that the goods were only liable to duty on their cash value, and that he had improperly imposed it on a paper valuation of them. The defence is placed upon other and higher grounds: (1) That there is not sufficient proof of any depreciation of the florin; and (2) that the appraisement is conclusive against the importers as to the dutiable value of the goods.

The court is, by the terms of the case, made to render the same judgment upon the facts, as ought, upon the evidence, to have been given by the jury; and, in our opinion, the proofs are clear and satisfactory that the florin, at the time the goods were purchased in Austria, was depreciated eleven per cent. As, on all the evidence, the valuation was made by the appraisers on the assumption that the importers invoiced the goods in the paper currency, and that they must be appraised at their nominal value in that currency, the appraisement does not become conclusive against the plaintiffs, it resting wholly on an arithmetical calculation which did not justify the basis of duties adopted by the defendant.

Moreover, according to our understanding of it, the agreement, in the case made, on which the verdict was rendered, submitted it to the court to have the adjustment made at the custom-house now, as it ought to have been made at the time of the entry and appraisement.

Whether judgment is to be rendered for the plaintiffs for any sum must depend upon such re-adjustment. The invoice and entry must, on such re-adjustment, be regarded as having been made up in the specie value of the florin, and either the invoice must be raised to the paper value of the florin, or the appraisal must be reduced to its specie value. If, on such adjustment, it is found that the entry was not below the actual value, (with the addition of the charges directed by the statute,) judgment must be entered for the plaintiffs for the increased duties imposed because of the difference in value, and also for the amount of the penalty, together with interest from August 5th, 1849, the time when the same were paid, and for costs. But, if it shall appear that duty was not imposed on an amount beyond the value expressed in the entry, (together with the legal charges,) judgment must be entered for the defendant as to that part of the demand. And, if it further appears that the difference in value between the entry and the appraisal so corrected exceeds ten per cent., then judgment must further be entered in full for the defendant, with costs.